IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY HARRIS BLAIR,<br><br>Defendant. | Case No. 3:19-cr-00004-TMB-MMS-1<br><br>**FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY** |

Upon Defendant's request to enter a guilty plea, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, to Counts 1, 3, 4, and admission as to the Criminal Forfeiture Allegation of the First Superseding Indictment ("Indictment"), this matter was referred to the Magistrate Judge by the District Court, with the written[1] and oral consents of Defendant, counsel for Defendant, and counsel for the United States.

Thereafter, the matter came on for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge, in open court and on the record.

---

[1] Doc. 41.

In consideration of that hearing and the allocution made by the Defendant under oath, on the record, and in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A.     I make the following FINDNGS – that the Defendant understands:**

1. That any false statements made by the Defendant under oath may later be used against him in a prosecution for perjury;

2. The right to persist in a plea of not-guilty;

3. The consequence of not being a United States citizen;

4. The nature of the charges against him;

5. The loss of certain federal benefits because the charges include a drug crime;

6. The maximum possible sentence, including imprisonment, fine, and the effect of the supervised release term;

7. Any applicable mandatory minimum penalty;

8. The Court's authority to order restitution;

9. The Court's obligation to impose a special assessment;

10. Any applicable forfeiture;

11. The right to a speedy and public trial by jury;

12. The right to be represented by counsel – and if necessary to have the court appoint counsel at trial, and at every other stage of the proceedings;

13. The right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

14. The Defendant's waiver of trial rights if the Court accepts a guilty plea or nolo contendere;

15. That he knowingly, intelligently and voluntarily waived his right to appeal or collaterally attack his conviction and any sentence imposed if it is within the range contemplated by the plea agreement; and

16. That in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range and to consider that range pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission, possible departures under the Sentencing Guidelines, and variances under 18 U.S.C. §3553(a).

**B.     I further FIND that:**

1. The Defendant is competent to enter a plea;

2. That the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force, threats, or coercion;

3. Any agreements or promises which induced the plea of guilty are set forth in the written plea agreement or on the record; and

4. That there is a factual basis for the Defendant's plea.

**C.     I RECOMMEND** that the District Court accept the Defendant's plea of guilty to Counts 1, 3, and 4 of the Indictment which charges: Count 1 – 21 U.S.C. §841(a)(1) and (b)(1)(A) – Possession of a Controlled Substance with Intent to Distribute; Count 3 – 18 U.S.C. §924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of Drug Trafficking; and Count 4 – 21 U.S.C. §841(a)(1) and (b)(1)(B) – Distribution of a Controlled Substance. **I FURTHER RECOMMEND** the District Court accept the Defendant's admission to the Criminal Forfeiture Allegation of the Indictment; and permit the United States to withdraw the previously filed allegation of Enhanced Statutory Penalties and the information notice under 21 U.S.C. §851.[2]

**IT IS FURTHER ORDERED**:

   D.   A Presentence Report be prepared.

   1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report pursuant to Federal Rule of Criminal Procedure 32(f)(1);

   2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing pursuant to the District of Alaska Local Criminal Rule 32.1(d).

The Sentencing hearing will be before United States District Judge Timothy M. Burgess. The court excludes time from July 12, 2019 until the time of sentencing pursuant

---

[2] *See* Doc. 26

United States v. Blair
3:19-cr-00004-TMB-MMS-1
Final R&R re Plea of Guilty
Page 4
Case 3:19-cr-00004-TMB-MMS   Document 44   Filed 07/16/19   Page 4 of 5

to 18 U.S.C. §3161(h)(1)(G) on the ground that the District Judge will be considering the proposed plea agreement.

DATED this 16th day of July, 2019, at Anchorage, Alaska.

*s/ Matthew M. Scoble*
MATTHEW M. SCOBLE
United States Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following *de novo* review. Any objections must be filed within **three (3) days** from the date of service of this Report and Recommendation. **The shortened objection deadline is due to the request of the District Court Judge. Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.**

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).